AO 472  (Rev. 09/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

for the

Eastern District of Missouri

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| JOSEPH ANTHONY YOAST | ) | Case No.   4:19CR517RWS |
| | ) | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

❑ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

❑ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

❑ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

❑ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

❑ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

❑ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

❑ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

❑ **(e)** any felony that is not otherwise a crime of violence but involves:

**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; *and*

❑ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

❑ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; ***and***

❑ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472  (Rev. 09/16)  Order of Detention Pending Trial

☑ **B.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

❑ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

❑ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

❑ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

❑ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☑ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❑ **C.  Conclusions Regarding Applicability of Any Presumption Established Above**

❑ The defendant has not introduced sufficient evidence to rebut the presumption above.

**OR**

☑ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

❑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☑ Subject to lengthy period of incarceration if convicted
❑ Prior criminal history
❑ Participation in criminal activity while on probation, parole, or supervision
❑ History of violence or use of weapons
❑ History of alcohol or substance abuse
❑ Lack of stable employment
❑ Lack of stable residence
❑ Lack of financially responsible sureties
❑ Lack of significant community or family ties to this district

AO 472  (Rev. 09/16)  Order of Detention Pending Trial

❏  Significant family or other ties outside the United States

❏  Lack of legal status in the United States

❏  Subject to removal or deportation after serving any period of incarceration

❏  Prior failure to appear in court as ordered

❏  Prior attempt(s) to evade law enforcement

❏  Use of alias(es) or false documents

❏  Background information unknown or unverified

❏  Prior violations of probation, parole, or supervised release

## OTHER REASONS OR FURTHER EXPLANATION:

The undersigned has considered that the facts contained in Affidavit filed in support of the Criminal Complaint (Doc. 2).  The complaing affidavit attests that on June 3, 2019, Defendant engaged in an online dialog with an undercover officer who was posing as the mother of a 14 year old child.  In the dialog, Defendant asked if the undercover officer if he would be allowed to participate in sexual conduct with both the mother and the 14 year old; made arrangements with the "mother" to meet the mother and child in Missouri for that purpose; engaged in explicit text communications with the undercover posing as the 14 year old child; and, even after expressing concern to both personas that this could be a trap by police, Defendant, who works as an over-the-road truck driver and was headed to Alabama, deviated from his trucking route to go to Missouri where he met the "mother" in the parking lot of a Walmart and asked the "mother" to accompany him into the Walmart to purchase condoms which the "mother" had indicated would be necessary if he wanted to have sex with the 14 year old.

The undersigned has also considered the information and facts proffered in the United States' Supplemental Memorandum filed in support of the United States' Motion for Pretrial Detention.  (Doc. 19).

At the detention hearing, which took place before an indictment had been returned, defense counsel argued that because no additional proceedings establishing probable cause had occurred, the rebuttable presumption did not apply.  Because it was unclear whether the rebuttable presumption applied, the undersigned requested additional briefing on the issue.  However, before the deadline for additional briefing had passed, a grand jury returned an indictment charging defendant  with traveling with the intent to engage in illict sexual conduct in violation of 18 USC 2423A, a charge for which the rebuttable presumptin applies.  As such, defense counsel filed a memorandum indicating that the issue was moot in light of the indictment.

The undersigned has considered the entire record including facts contained in the pretrial services report reflecting that defendant was gainfully employed, had a stable residence to return to, had no history of substance abuse and had no prior criminal convictions.  Although these facts tend to rebut the presumption that no conditions would reasonably assure the safety of the community or a person in the community and no conditions would reasonably assure the defendant's appearance, the presence of the rebuttable presumption is a factor the court must nevertheless consider.  Here, when the rebuttable presumption is considered together with the circumstances surrounding the instant offense, the strength of the government's case and the arguments of AUSA Anderson, including that the lack of criminal history in cases like these is not uncommon, I find that no conditions or combination of conditions will reasonably assure the safety of the community if defendant is released.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:              10/16/2019                                    Shirley P. Mensah

United States Magistrate Judge